## BROBST v. PATTON.

### Appeal from Marion District Court — Saturday, January 30.

CONTRACT: INTEREST.

ACTION in equity for a specific performance. Demurrer to petition overruled. The defendant appeals.

*Seevers & Cutts* for the appellant — *Stone, Ayres & Curtis* for the appellee.

COLE, J. — In 1862, the defendant obtained a judgment in the District Court of Marion county, against the plaintiff herein for $4,343.34 beside costs, and an order of foreclosure of a title bond, executed by defendant to plaintiff for the S. E. ¼ of section 7 S. 75 R. 19 west. Shortly after said judgment was rendered, this plaintiff commenced his action in equity to restrain the enforcement thereof, and obtained an injunction accordingly. Plaintiff also prosecuted an appeal to the Supreme Court to reverse said judgment. While these proceedings were pending, the parties made and signed the following agreement, to wit : "Whereas, James M. Patton has a judgment against Joseph Brobst in the District Court of Marion county, Iowa, rendered at the May Term, 1862, for the sum of $4,343.34, and costs of suit, with foreclosure of title bond on the south-east quarter of section No. 7, in township No. 75, north of range No. 19 west, and, whereas, the undersigned Patton has agreed with said Brobst, to receive in payment of said judgment as follows : First, said Brobst is to pay all the costs incurred in litigation in relation to said judgment, and matters growing out of the same ; second, the amount of said judgment including interest as specified in the same, is to be computed up to this date, and said Brobst is to pay thereon $500 in cash upon the filing of this agreement, and $500 in every six months thereafter, with ten per cent interest thereon, until the full amount due on said judgment is paid, except the sum of $1,000. When the above is paid, said Patton agrees to receipt said judgment, and convey the premises described in said judgment to said Brobst or his assigns, as follows: Whenever he shall pay the sum of $2,000, said Patton agrees to deed the N. W. ¼ of said S. E. ¼ of section seven ; and when he shall have paid in addition thereto the sum of $1,000, he will deed the S. W. ¼ of said S. E. ¼ of section seven ; and the balance when the said judgment shall be fully paid (except the $1,000 aforesaid). It being understood, however, that if the said Brobst fails to make any of the payments above stipulated at the time specified, that this agreement shall be null and void, and said Patton shall have the right to issue execution on said judgment ; third, it being further understood that Brobst shall dismiss all suits and injunctions now pending in relation to said matter, or in any wise growing out of the same, and also to dismiss a certain appeal taken to the Supreme Court from the District Court of said county, and will also pay all taxes due, or that shall become due on the land described in said judgment.

Now if said Brobst shall pay said judgment, interests, costs, taxes, etc., in full, in the manner, and at the time above specified, except the amount of $1,000, then said Patton is to receipt said judgment in full, and to deed said land above specified. Signed by the parties, and stamped this 2d day of May, A. D. 1864."

The plaintiff avers that he has dismissed the suits and paid the costs and taxes, as specified in said agreements, and also paid the $500 cash,

May 2, 1864; $525 October 6, 1864; $550 February 3, 1865; $575 October 31, 1865; $600 May 1, 1866; $625 October 30, 1866; $650 May 1st, 1867; $675 November 1, 1867; and $300 April 29, 1868; pursuant to said agreement, and in full thereof, that he demanded a deed for said land and said Patton absolutely refused to make the same.

The sole question made by the demurrer arises upon the construction of the contract. The plaintiff claims, that, by the contract, he was to pay the amount of the judgment and interest, less $1,000, at the date of the agreement, and to pay the same in $500 payments, with interest thereon from the date of the agreement. While the defendant claims that the plaintiff is to have credit on the amount of the judgment, and interest at the date of the agreement, for the payments as they are made, which amount is to draw interest until the payments shall reduce it to $1,000, and that sum is then to be remitted and the judgment receipted. In other words, the plaintiff claims that the $1,000 shall be deducted at the date of the agreement; the defendant, that it shall draw interest until, and be deducted at the date of, the last payment. The practical difference in the two claims of construction is stated by counsel to be about $900. The District Court held with plaintiff, and, in our view, held correctly.

We proceed to state briefly some of the reasons leading us to this view. The agreement provides, "the amount of said judgment including interest as specified in the same, is to be computed up to this date." Why thus compute it, unless it be to ascertain the amount from which the $1,000 is to be deducted? If the defendant's theory had been the intention of the parties, how naturally, easily and certainly it would have been expressed by the statement "that Brobst is to pay $500 dollars cash, and $500 every six months, until said judgment shall be reduced to $1,000, which sum the said Patton would then remit, and receipt the judgment in full." But by the terms of the agreement the precise amount which Brobst was to pay is fixed by computing the interest on the judgment, up to the date of the agreement, and that sum less $1,000, he was to pay.

It will be observed that he was not to pay said sum with interest thereon; but he was to pay "$500 in every six months *with ten per cent interest thereon.*" The interest was to be computed on, and added to *each payment,* and these payments, embracing the interest accruing on each, were to be made every six months, "until the full amount *due* on said judgment" up to this date, "is paid, except the sum of $1,000." The "amount due" was not to be increased by adding interest to it, for the interest was provided for otherwise, it was to be paid *on and with* each payment. There could, therefore, according to the terms of the agreement, be no other sum to deduct the $1,000 from, except "the amount of said judgment, including interest" up to its date. It is evidently an agreement by Patton to remit (at its date) $1,000 from the

amount then due, upon condition Brobst should perform the stipulations on his part; his failue to perform would defeat his right to claim the remittance. To hold that the judgment and interest up to date of agreement, including the $1,000, should draw interest at ten per cent, and be compounded every six months, as claimed by defendant, would do violence to the language used, and to the manifest intent of the parties, as well as defeat any material resulting advantage therefrom to the plaintiff.

Affirmed.